# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE OBERSCHMIDT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:12-cv-03750-AKK** |
| **KENNETH BELILE, RAMONA** | ) | |
| **MORRISON, and CROWSON,** | ) | |
| **MORRISON & SPANN LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephanie Oberschmidt brings this action on behalf of her disabled mother against Kenneth Belile, Ramona Morrison, and Crowson, Morrison & Spann LLC, alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, arising from a dispute over real estate.[1] *See* doc. 1. Defendants seek dismissal of the complaint, docs. 12-13, and the motion is fully briefed and ripe for resolution, docs. 14 and 22.  For the reasons stated below, the court **GRANTS** the motions.

---

[1] Since Oberschmidt proceeds *pro se*, that is, without an attorney, the court liberally construes her pleading, *see Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), to also include a malpractice claim against Ramona Morrison and Crowson, Morrison & Spann LLC based on Oberschmidt's allegation that they committed gross negligence and breached a contract and fiduciary duty.  *See* doc. 1.

# I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*,556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more

than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. PROCEDURAL AND FACTUAL BACKGROUND[2]

Oberschmidt contends that Belile took "over 1 million dollars in assets excluding real estate" from her disabled mother. Doc. 1 at 1. In an attempt to recover these lost assets, Oberschmidt's mother purportedly hired attorney Ramona Morrison, of Crowson, Morrison & Spann LLC. *Id*. Unfortunately, Morrison was unable to recover these assets. *Id*. Oberschmidt contends that Morrison committed malpractice by committing gross negligence and by breaching her contract and fiduciary duty. *Id*. Accordingly, Oberschmidt seeks return of the allegedly stolen real estate, $1 million in assets plus interest, court costs, and future attorneys fees on behalf of her mother. *Id*. at 1-2.

---

[2]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

### III. ANALYSIS

Defendants contend that Oberschmidt's complaint is due to be dismissed for lack of standing, lack of personal jurisdiction, and failure to state a claim for relief. *See docs*. 12, 13, 22.  Because Oberschmidt lacks standing to bring suit, the court declines to address Defendants' other contentions.

**A.     Standing**

Under Article III of the Constitution, a party seeking review by a federal court must demonstrate standing, i.e. "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).  Defendants assert that Oberschmidt lacks standing because no injury has occurred and, alternatively, that the injury is not personal to Oberschmidt, despite her status as power of attorney. Doc. 22 at 3; doc. 13.  A party may sufficiently demonstrate the existence of an injury by showing "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  However, Oberschmidt failed to show such an injury.

Oberschmidt contends that her mother suffered an injury in the form of lost property and assets.  Doc. 1.  However, it appears that these items are the subject of a divorce action currently pending before the Circuit Court of Shelby County, Alabama.  Doc. 13 at 1.  Since that court has not yet reached a determination

regarding who will retain ownership of the items, Oberschmidt's mother has not yet suffered a loss. Until the Circuit Court determines the ownership of these items, no cognizable injury exists. Moreover, "[s]tanding alone, a power of attorney does not enable the grantee to bring suit in his own name." *Parris v. Correctional Medical Services*, No. 2:10-cv-225-WHA, 2011 WL 1045223, at *4 (M.D. Ala. March 8, 2011). Instead, a power of attorney must bring suit in the name of the party with a personal interest in the outcome of the action, here, Oberschmidt's mother. *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Therefore, Oberschmidt failed to show a *personal* injury and lacks standing to bring suit in her own name against Defendants. Accordingly, the court **GRANTS** Defendants' motions to dismiss.

## IV. CONCLUSION

Based on the foregoing, Oberschmidt's claims are **DISMISSED without prejudice**.

**DONE** this 5th day of February, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE